**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

EARNEST CONROD, JR.
REG #09239-042                                                                        PLAINTIFF

V.                                    2:03CV00183 GH/HDY

WILLIAM HASKIN, *et al.*                                                      DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

1

Judge  (if such a  hearing is granted)  was not  offered at  the
hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana,

filed this *pro se* Complaint on December 3, 2003 (docket entry #2), pursuant to *Bivens v. Six*

*Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff also made a timely

demand for a jury trial; however, before incurring the expense of money and manpower inherent in

such a trial, the Court held an Evidentiary (Pre-Jury) Hearing on November 2, 2005, to determine

whether the case should proceed to a jury trial.  Pursuant to the standard set forth in *Johnson v. Bi-*

*State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony

during the November 2, 2005, hearing to be true, drawn all appropriate inferences in Plaintiff's

favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence

presented during the hearing in this light, the Court must now decide "whether the evidence presents

a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). Considering the evidence introduced at the Evidentiary Hearing in the manner set forth above, the undersigned makes the following findings:

1.      All the events at issue in this case took place while Plaintiff was an inmate incarcerated at the Federal Correctional Institute in Forrest City, Arkansas.

2.      There are currently five remaining Defendants in this case: William Haskin, Kresher Cleaves, Greg Smith, Melvin Smith and Cole Jeter. At the hearing, Plaintiff alleged that Defendants Haskin and Cleaves failed to protect him from an assault by inmate Cole. The assault occurred on November 1, 2002, and did not involve a weapon. Plaintiff contends that Defendants Haskin and Cleaves failed to intervene as the two men were struggling, and that when they eventually called for assistance, Defendant Greg Smith used excessive force in separating Plaintiff and inmate Cole. As a result of Defendant Greg Smith's excessive force, Plaintiff alleged that he was pulled headfirst into a wall and "knocked out." Plaintiff asserts that Defendants Melvin Smith and Jeter knew generally, through other grievances Plaintiff filed, that Plaintiff was in danger of attack.[1] Plaintiff also contends that Defendant Melvin Smith tried to convince him to withdraw his grievance against the officers after the altercation.

3.      According to Plaintiff's testimony, inmate Cole was "most definitely" not on any kind of seperatee, or enemy alert, list for Plaintiff. When Plaintiff was questioned directly whether he had

---

[1]In support of this contention, Plaintiff submitted Plaintiff's Exhibit #1, which contains documents detailing Plaintiff's efforts to have certain information removed from his inmate file. The documents challenged by Plaintiff identified him as a gang associate, which Plaintiff denies. Plaintiff contends the fact that he was identified as a gang associate put him in danger.

specifically identified inmate Cole as a threat to his safety, Plaintiff responded in the negative, stating that he did not want to be a "snitch," and asserting that there was no need for him to identify Cole specifically, because he had asserted in prior grievances that he felt generally threatened.

4.      Evidence introduced at the hearing indicates that Plaintiff has only exhausted his claims of inadequate protection by Defendants Haskin and Cleaves; his assertion that Defendant Greg Smith used excessive force in separating him and inmate Cole; and his challenge of his disciplinary sanction following the altercation with inmate Cole.  Plaintiff provided no testimony or other evidence to indicate that he has exhausted his claims that Defendant Melvin Smith tried to get him to withdraw his grievances, or that Defendant Melvin Smith or Defendant Jeter failed to protect him from the assault by inmate Cole or other unspecified incidents of harassment.  Thus, Plaintiff's entire case should be dismissed due to his failure to exhaust each claim.  Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the Plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam).  Defendants raised the issue at the hearing, and testimony from Lisa James Young provided evidence that Plaintiff failed to exhaust his administrative remedies as to each claim.  The Prison Litigation Reform Act "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the Complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003).  Each claim joined in an action must be fully exhausted prior to filing suit.  *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Although Plaintiff's failure to exhaust alone would be a valid reason to dismiss the case, Plaintiff has made vague allegations that some of his grievances were lost.  Accordingly, out of an abundance

4

of caution, the Court will consider the merits of his Complaint.

5.      As the District Judge in this case has already determined, the gravamen of Plaintiff's Complaint is his assertion that Defendants were deliberately indifferent to his right to be free from violent attacks by fellow inmates (docket entry #10).  In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that:  (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm.  In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added).  Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).  For example, in *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998), the Court held that a plaintiff must show that defendants "actually knew that [the attacker] posed a substantial risk of harm" to the plaintiff.  In the instant case, Plaintiff offered no testimony or other evidence to suggest that any Defendant knew inmate Cole posed a substantial risk of harm to Plaintiff.  Indeed, Plaintiff specifically said that inmate Cole was not on any sort of seperatee (i.e. enemy alert) list, and testified that he did not name inmate Cole as a specific threat.  As Plaintiff described inmate Cole's attack, Plaintiff himself was surprised.  He testified that he "had no idea" that inmate Cole was going to initiate such an attack.  In response to

the incident, Defendants Haskin and Cleaves called for assistance from Defendant Greg Smith. Accordingly, Plaintiff has failed to introduce facts to suggest Defendants Haskin and Cleaves were deliberately indifferent.

6.      Plaintiff also alleges that Defendants Jeter and Melvin Smith were deliberately indifferent to his right to be free from a violent attack, and that they should have known Plaintiff was in danger due to his previous grievance filings.  However, as discussed above, Plaintiff did not inform anyone that inmate Cole was a threat.  Accordingly, Plaintiff's claims of deliberate indifference against Defendants Jeter and Melvin Smith fail for the same reasons his claims against Defendants Haskin and Cleaves fail.

7.      Defendant Greg Smith was the officer who separated Plaintiff and inmate Cole while they were struggling with each other.  In Plaintiff's opinion, Defendant Greg Smith used excessive force in breaking up the altercation.  "Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the 'core judicial inquiry' is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000)(citations omitted).  Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted.  *Id*.  Although prisoners need not suffer serious injury to make out an Eighth Amendment claim, some actual injury must be shown.  *Id*.  In the instant case, Plaintiff presented no facts to suggest that Defendant Greg Smith applied the force maliciously and sadistically to cause harm, nor did he suggest any reason Defendant Greg Smith might have for wanting to harm him.  Rather, Plaintiff described a scene in which Defendant Greg Smith responded to emergency calls for assistance to break up a fight between two inmates.  When Defendant Greg

Smith arrived at the scene, he observed the two inmates in some sort of wrestling "clinch," holding on tightly to each other.  Despite Defendant Greg Smith's order to "let go," Plaintiff testified that he refused to do so, because inmate Cole might have hurt him.  This <u>required</u> Defendant Greg Smith's physical intervention to stop the altercation, and Plaintiff offers no evidence to suggest that this intervention by Defendant Greg Smith was motivated by anything other than a desire to stop the inmates from continuing to fight.  Plaintiff's criticism of Defendant Greg Smith for grabbing him and pulling him away from inmate Cole instead of pulling inmate Cole away from him is insufficient to evidence a motive on Defendant Greg Smith's part to maliciously and sadistically harm the Plaintiff.  Plaintiff did testify that he was "knocked out" when Defendant Greg Smith pulled him away from inmate Cole with such force that he (Plaintiff) hit a wall.  Still, given the overall facts described by the Plaintiff concerning Defendant Greg Smith's intervention and the absence of any serious injury suffered by the Plaintiff according to the medical records, no reasonable juror could conclude that Defendant Greg Smith applied force maliciously and sadistically for the very purpose of causing the Plaintiff harm.

8.      Plaintiff also alleges Defendant Melvin Smith tried to get Plaintiff to withdraw his grievances against Defendants Haskin, Cleaves and Greg Smith.  Assuming Defendant Melvin Smith did make such an attempt, Plaintiff testified that he was not dissuaded from pursuing his remedies.  In fact, evidence introduced at the hearing indicates that Plaintiff did exhaust his remedies with respect to the altercation with inmate Cole, and the responses of Defendants Haskin, Cleaves, and Greg Smith to the alleged assault, and his disciplinary sanction.  Thus, Plaintiff's rights were not impaired.  Plaintiff has failed to introduce evidence that supports his claim of a constitutional violation with respect to Defendant Melvin Smith.

7

9.      After the hearing, Defendants filed a second Motion for summary judgment (docket entry #115).  However, given the testimony presented at the November 2, 2005, hearing, the Court sees no reason to consider the Motion.  Accordingly, it should be denied as moot.

IT IS THEREFORE RECOMMENDED THAT:

1.      This action be DISMISSED WITH PREJUDICE due to Plaintiff's failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2.      All pending Motions be DENIED AS MOOT.

DATED this __8___ day of November, 2005.


_____
UNITED STATES MAGISTRATE JUDGE